UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BENJAMIN MORRISON,

      CASE NO.:

  Plaintiff,

v.

WILLIAMS ISLAND PROPERTY
OWNERS' ASSOCIATION, INC.,
a Not For Profit Corporation,

  Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BENJAMIN MORRISON ("Mr. Morrison" or "Plaintiff") files this Complaint against Defendant, WILLIAMS ISLAND PROPERTY OWNERS' ASSOCIATION, INC., ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and his attorneys' fees and costs.

### JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Miami Dade County, Florida, and the venue, therefore, for this case is the Miami Division of the Southern District of Florida.

5. Defendant is a not for profit corporation in Miami-Dade County, Florida, and is therefore within the jurisdiction of the Court.

6. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) necessitated medical leave for his wife's serious medical condition; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

8. Mr. Morrison worked in Facility Maintenance for Defendant from November 12, 2012, until his termination on October 14, 2019.

9. In all respects, Mr. Morrison was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

10. Mr. Morrison's wife suffered from pregnancy-related complications, a serious health condition defined by the FMLA, and as a result was admitted to the Intensive Care Unit (ICU) at Jackson North Hospital.

11. On or around September 24, 2019, Mr. Morrison informed Defendant's Human Resource Department representative, "Debra," of his wife's hospitalization, and serious health condition, as defined by the FMLA.

12. In response to this disclosure of his wife's serious chronic health condition, Defendant failed to provide Mr. Morrison FMLA forms or to advise him of his rights and responsibilities pursuant to the FMLA.

13. This failure, alone, constitutes FMLA interference.

14. At that time, Defendant demanded that Mr. Morrison provide a doctor's note within three (3) days if he intended to go to the hospital that same day to see his wife.

15. Being the conscientious employee that he had been for so many years, Mr. Morrison dutifully came back to WIPOA's offices on September 27, 2019.

16. At that time, he attempted to give his doctor's note to Debra. However, another individual in Human Resources, Joanne, informed him that Debra was "in a meeting."

17. Mr. Morrison presented Joanne with the doctor's note and went back to his family to care for his wife, who at that time was still in the ICU.

18. On October 14, 2019, Mr. Morrison learned from a co-worker that Defendant had terminated his employment after nearly seven (7) years of loyal service.

19. When Mr. Morrison called Debra to ask what had happened, Debra stated that Defendant had terminated him for "no call no show" reasons related to the leave that he had been taking since September 24, 2019.

20. Mr. Morrison tried to ask Debra regarding his unpaid leave related to his wife's delivery of the baby and related complications that put her in the ICU for two (2) weeks.

21. In response, Debra merely stated that Mr. Morrison would have to take the matter up with his supervisor

22. Mr. Morrison's absences, which should have been protected FMLA, were used against him.

23. Mr. Morrison did not have any write ups or significant disciplinary record prior to his termination.

24. The timing of Plaintiff's termination, after his use of what should have been FMLA leave, along with the failure to advise him of his FMLA rights after being put on notice of an FMLA triggering event, demonstrates that Defendant interfered with and retaliated against Mr. Morrison for attempting to exercise his FMLA rights.

25. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for his attempted use of FMLA leave Defendant's actions likewise constitute FMLA retaliation.

26. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

27. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity, and the illegal actions taken against him by Defendant.

28. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

29. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

33. At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise Plaintiff of his FMLA rights, and by refusing to allow Plaintiff to exercise his FMLA rights.

34. As a result of Defendant's willful and unlawful acts in interfering with Plaintiff attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

39. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his absences, related to his wife's serious health condition and hospitalization, which should have been considered FMLA protected leave.

40. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise his rights to take unpaid leave pursuant to the FMLA.

41. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 3rd day of August 2020.

Respectfully Submitted,

By**:/s *Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*